20-3001-cr
*United States v. Kantor*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand twenty-one.

PRESENT:  JOHN M. WALKER, JR.,
          DENNY CHIN,
                  *Circuit Judges*,
          PAUL A. ENGELMAYER,
                  *District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                  *Appellee*,

          -v-                                                    20-3001-cr

BLAKE KANTOR, AKA BILL GORDON,
                  *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*      Judge Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE: BRADLEY T. KING, Assistant United States Attorney (Saritha Komatireddy, Assistant United States Attorney, *on the brief*), *for* Mark J. Lesko, United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT: JONATHAN I. EDELSTEIN, Edelstein & Grossman, New York, New York, *and* Hanna Liebman Dershowitz, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Defendant-appellant Blake Kantor appeals orders of the district court denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and his motion for reargument. Kantor, who is incarcerated at FCI Otisville, argued that his medical conditions and the risk of contracting COVID-19 constituted extraordinary and compelling reasons warranting a sentence reduction. On appeal, Kantor argues that the district court abused its discretion in denying his motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

From 2014 to 2017, Kantor and co-conspirators engaged in a scheme involving computer software and cryptocurrency to defraud investors of at least

2

$1.5 million. To hide the scheme, Kantor wired investors' funds into bank accounts in Saint Kitts and Nevis. After meeting with FBI agents, Kantor instructed his co-conspirator to alter customer lists and lied to the government about his involvement in the industry in question.

During home confinement following his arrest, Kantor violated the conditions of his bail by using cocaine and attempting to communicate with a co-conspirator. Kantor pled guilty to conspiracy to commit wire fraud, and on August 1, 2019, he was sentenced to 86 months' imprisonment. He surrendered to federal custody on September 16, 2019 and is scheduled to be released on October 22, 2025. Kantor was also previously convicted of drug trafficking.

On April 11, 2020, Kantor's counsel submitted a request for compassionate release to the warden of FCI Otisville, which the warden denied on April 22, 2020. On May 26, 2020, Kantor moved in the district court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The district court orally denied the motion at a telephonic hearing on June 11, 2020. Kantor then moved for reargument, contending that his risk of severe illness from COVID-19 increased due to a new outbreak at Federal Correctional Institution Otisville and that updated CDC guidelines placed him, with a body mass index of at least 31.7, into the high-risk category. The district court orally

denied the motion for reargument at a telephonic hearing on July 27, 2020.[1] This appeal

followed.[2]

"We typically review the denial of a motion for a discretionary sentence

reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir.

2020). "[A] district court has abused its discretion if it based its ruling on an erroneous

view of the law or on a clearly erroneous assessment of the evidence, or rendered a

decision that cannot be located within the range of permissible decisions." *United States*

*v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009).

A district court may reduce a sentence if it finds that "extraordinary and

compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The district

court has broad discretion in determining what constitutes an extraordinary and

compelling reason. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). A

district court may reduce a sentence, however, only "after considering the factors set

---

[1]     The district court did not enter written or text orders following its oral rulings. Kantor's notice of appeal refers only to the July 27, 2020 ruling, but we construe it to cover both the July 11, 2020 and July 27, 2020 orders denying compassionate release.

[2]     Kantor's appeal may be untimely, as he filed his notice for appeal on August 25, 2020, more than fourteen days after the July 27, 2020 decision, without moving for an extension. *See* Fed. R. App. P. 4(b)(1)(A), (4). Because the government did not address the issue and opposed the appeal only on the merits, we hold that any objection to timeliness is forfeited. *See United States v. Frias*, 521 F.3d 229, 231 (2d Cir. 2008) ("We conclude that the time limits of Rule 4(b) are not jurisdictional and are therefore capable of forfeiture by the government.").

forth in section 3553(a) to the extent they are applicable," 18 U.S.C. § 3582(c)(1)(A), which include: the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to provide the defendant with needed medical care; and the need to avoid unwarranted disparities in sentences, *see id.* § 3553(a).

We conclude that the district court did not abuse its discretion in denying Kantor's motion. The record shows that the district court considered all the relevant facts and circumstances, including the statutory factors, in concluding that Kantor -- who was 45 years old and had served less than two years of his 86-month sentence imposed for defrauding victims of more than $1.5 million -- had not demonstrated extraordinary and compelling circumstances warranting release. Indeed, the record makes clear that the district court considered the nature and circumstances of the offense, Kantor's history and characteristics, and the need for the sentence to adequately deter criminal conduct. The district court also found that "at the time that [Kantor] was previously released he did not comply with the restrictions and the prohibition and so forth" and that his previous incarceration "did not dissuade him from engaging in further criminal activity." Appellant's App'x at 187. The district court also found that Kantor has "not actually served very much at all of the sentence that [it] imposed" and

that the reasons stated at Kantor's sentencing were still a "sound basis for the sentence imposed." Appellant's App'x at 186-87. Hence, the district court carefully weighed the § 3553(a) factors in determining that early release was not warranted.

Kantor relies on *Brooker*, which was decided after the district court's orders, to argue that the district court abused its discretion by adhering too closely to the Sentencing Commission policy statements and the Bureau of Prisons (the "BOP") policies. We are not persuaded, for the district court did not indicate that it was constrained by the Sentencing Commission's or BOP's policies; rather it observed that it did not see "any reason" to reduce Kantor's sentence. Appellant's App'x 186.

Kantor also argues that the district court erred in considering the § 3553(a) factors only as they existed at the time of sentencing and failed to assess the factors against the extraordinary and compelling reasons warranting release. The § 3553(a) factors, however, require courts to consider how the sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and adequately deters criminal conduct. *See* 18 U.S.C. § 3553(a). Thus, courts regularly consider how compassionate release would alter the aims of the original sentence. *See, e.g., United States v. Madoff*, 465 F. Supp. 3d 343, 350-52 (S.D.N.Y. 2020) (denying compassionate relief in part because it would undermine the aims of the court's original sentence). That inquiry often involves assessing the proportion of a defendant's stated sentence yet to be served. Because the original sentence ""reflects the sentencing judge's view of the

6

§ 3553(a) factors at the time of sentencing, the time remaining in that sentence may -- along with [other factors] -- inform whether immediate release would be consistent with those factors."" *United States v. Pawlowski*, 967 F.3d 327, 330–31 (3d Cir. 2020) (affirming denial of compassionate release where defendant had served only two years of fifteen-year sentence and collecting cases decided on similar grounds); *see also, e.g., United States v. Danilovich*, No. 12 Cr. 171 (JPO), 2020 WL 3642246, at *2 (S.D.N.Y. July 6, 2020) (denying compassionate release under § 3553(a) because defendant was "just four years into a 25-year sentence" for fraud); *United States v. Hope*, 464 F. Supp. 3d 646, 651 (S.D.N.Y. 2020) (same where defendant had "served merely a quarter of his 216-month" sentence); *United* States *v. Nissen*, No. 17 Cr. 477 (PAE), 2020 WL 2614825, at *3 (S.D.N.Y. May 22, 2020) (same where defendant convicted of fraud had served only seven months of a twenty-seven month sentence). Moreover, as discussed above, the district court also considered the circumstances pending when the motion for compassionate release was made.

* * *

We have considered Kantor's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7